UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael D. Loos,                      Case No. 13-cv-3373 (PAM/FLN)

           Plaintiff,

v.                                               **ORDER**

BNSF Railway Company,

           Defendant.

_____

This matter is before the Court on the parties' Motions in Limine.[1]

**A.     Plaintiff's Motions**

**1.     Treatment at Crossroads Counseling Center**

Loos first asks the Court to preclude BNSF from questioning him or any other witnesses about the counseling Loos received at a counseling center in Willmar. Loos contends that the counseling was marital counseling and that any mention of it will be embarrassing for him and for his wife. But Loos seeks damages for emotional pain and suffering, and thus his mental state is in issue. Should he testify about his mental state, BNSF is entitled to cross-examine him about counseling he has received. And forms he filled out during his counseling apparently belie his claims that he was suffering from the work injury, which is undoubtedly relevant to his credibility and to the extent of his damages. This part of the motion is denied without prejudice to specific objection at trial.

---

[1] BNSF filed a "supplemental" Motion in Limine on August 21, 2015, four days after the deadline for filing such motions. Because Loos has not had the opportunity to respond to the supplemental motion, the Court will not address it below.

## 2. Efforts to Lay Off Work

Loos asks permission to be allowed to explain to the jury his efforts to follow BNSF's policies with regard to laying off work after an injury. As BNSF notes, however, the Court determined that Loos's attendance problems were unrelated to his injury and that Loos had failed to establish that he was entitled to use the "Injury on Duty" codes to excuse his absences. Any evidence attempting to explain his absences is therefore precluded. The motion on this point is denied.

## 3. Violation of Safety Rules and Disciplinary Matters

In this portion of his motion, Loos seeks the exclusion of two distinct types of evidence. First, he argues that BNSF should be precluded from arguing that he violated safety rules on the day of his injury and that, if BNSF is allowed to make that argument, he should be permitted to present evidence that he was not charged in a disciplinary proceeding for the alleged violation of rules. Second, he contends that evidence regarding other disciplinary proceedings against him is unfairly prejudicial.

### a. Safety Violations

There is no dispute that contributory negligence is a defense in an action under the FELA. BNSF contends that evidence regarding Loos's violations of safety rules on the day of his accident is relevant to establish his contributory negligence. Loos does not disagree, but contends that, if BNSF presents such evidence, he must be allowed to present evidence that he was never charged with any safety violations in a formal disciplinary proceeding.

But as another court held, while evidence regarding disciplinary proceedings or the lack thereof may be relevant, "a complete explanation of [the decision not to pursue disciplinary action] to the jury would prove too confusing and misleading." Sharp v. Paducah & Louisville Ry., Inc., 2008 WL 4101475, at *2 (W.D. Ky. Sept. 10, 2008). Rather, Loos "remains free to present evidence that the . . . safety rules did not apply, and [the railroad] is free to present evidence that the rules did apply." Id. The parties will not be allowed to present evidence regarding disciplinary proceedings or the decision not to pursue such actions.

### b. Other disciplinary actions

Loos also seeks the exclusion of other disciplinary actions against him, both before and after his injury. BNSF notes that this information is relevant only to the extent that Loos is allowed to argue that his termination resulted from his injury, not from his unrelated attendance issues.

As noted in the Order on Loos's Motion to Compel, Loos's termination was unrelated to his injury. Thus, his damages are limited to those that arise directly from his injury's effect on his ability to work. As such, there will be no need to present to the jury any alternative explanation for Loos's termination. The Court will instruct the jury that Loos was terminated for legitimate business reasons unrelated to his injury. Evidence of unrelated disciplinary proceedings is therefore irrelevant and the motion on this point is granted.

### 4. BNSF's Safety Newsletters

The discussion above with regard to contributory negligence and the violation of safety rules bears on this part of Loos's motion as well. Although the Court has doubts that a "newsletter" regarding safety can establish any relevant safety rule, the Court will not issue a blanket prohibition on the use of such newsletters to do so. The Court will deny the motion without prejudice to specific objection during trial.

### 5. Unrelated Medical Conditions

Loos seeks to preclude BNSF from presenting evidence regarding any of his medical conditions unrelated to his workplace injury. But Loos is claiming that he is unable to work because of that injury alone, and thus to the extent that other injuries or health conditions may also affect his abilities, they are certainly relevant. The motion is denied without prejudice to specific objection at trial.

### 6. Violation of Rules as Evidence of Negligence

This portion of the motion is a restatement of the third motion discussed above. As noted, any safety violation may be relevant to establishing Loos's contributory negligence. This part of the motion is denied without prejudice.

### 7. Worker's Compensation

Loos seeks to inform the jury that he is not covered by state workers' compensation and that an award of damages on his FELA claim is the sole remedy for his injuries. BNSF contends that referring to workers' compensation would be both improper and prejudicial, and that informing the jury that FELA is Loos's sole source of compensation would be both inappropriate and incorrect. Workers' compensation is not

relevant to Loos's FELA claim and should not be discussed in front of the jury. Although Loos cites authority stating that FELA supersedes state workers' compensation law, he cites no authority requiring or allowing mention of this fact when litigating a FELA claim. Any arguments regarding any other payments Loos could or could not receive for his injury are not relevant to the issues in this case. Loos will not be permitted to present any argument or evidence that this litigation is his sole avenue for recovery. The motion is denied.

**8.     Mitigation of Damages**

Loos argues that there is no evidence that he failed to mitigate his damages because he sought and found work after BNSF fired him. Whether Loos sufficiently mitigated his damages is a question of fact for the jury. The motion is denied.

**9.     Assumption of the Risk**

The FELA abolished assumption of the risk as a defense. Loos appears to ask the Court to bar BNSF from using assumption of the risk and contributory negligence defenses under the guise of "empowerment." While BNSF may not argue that Loos assumed the risk of injury, it may present similar evidence to establish that Loos was contributorily negligent. BNSF may use the concept of "empowerment" accordingly. The motion is denied without prejudice to specific objections at trial.

**10.    Taxes**

Loos asks the Court to instruct the jury not to decrease any award because he will not have to pay federal or state taxes on it.  BNSF asks the Court to give the model 8th Circuit instruction on the issue.  The Court's practice is to use 8th Circuit model

instructions whenever possible, but any decision on jury instructions is premature and will be addressed with counsel at the time of the charge conference. This part of the motion is denied without prejudice.

**11.     Witness's Claims Against BNSF**

Any party may attack a witness's credibility under Federal Rule of Evidence 607. Loos's Motion to bar reference to any witness's claims against BNSF is at odds with the Rules of Evidence. The Court will determine whether any specific testimony is unduly prejudicial at trial. The motion is denied.

**12.     Plaintiff's Counsel's Past Employment**

BNSF will not reference Tello's past employment unless Loos raises the issue at trial. The motion is denied without prejudice to objections based on relevance.

**13.     Independent Medical Examination**

Loos argues that BNSF should not be allowed to refer to Dr. Cederberg as an "independent" medical examiner. Loos will have the opportunity to cross-examine Dr. Cederberg and may call his bias into question at that time. The motion is denied.

**14.     Settlement Discussions**

Given that Federal Rule of Evidence 408 prohibits the introduction of any evidence of settlement offers or negotiations, it is not clear why Loos brought a motion seeking the exclusion of this evidence. BNSF will presumably abide by the Rules and this motion is therefore denied as unnecessary.

15. **Railroad Retirement Benefits**

The collateral source rule bars reference to an injured party's receipt of benefits as evidence of malingering. Loos asks the Court to bar evidence of his receipt of or eligibility for benefits under the Railroad Retirement Act. Evidence of collateral source benefits is not typically admissible, nor is it the best evidence of malingering. But the collateral source rule is not a per se exclusion of collateral-source evidence. The motion is denied without prejudice to objections, and counsel is expected to alert the Court before any evidence of collateral source benefits is presented at trial.

**B. Defendant's Motions**

**1. Loss of Earning Capacity or Future Wages**

The measure of damages in a FELA claim includes loss of future earning capacity. Thus, Loos must be permitted to offer evidence regarding his alleged diminished earning capacity. He cannot, however, tie that diminished capacity to his termination. Rather, he is limited to establishing how his injury allegedly reduced his earning capacity. The motion is therefore denied without prejudice to specific objection at trial.

**2. Testimony from 18 Witnesses**

Loos will not call three of the challenged witnesses, and thus the motion is denied as moot with regard to those witnesses.

Loos contends that he will call five witnesses to testify with respect to the conditions in the rail yard at the time of Loos's injury. Such testimony may be relevant and will be allowed subject to specific objection at trial.

With regard to the witnesses who will offer testimony about the computer codes Loos wanted to use to lay off work after his injury, the Court has determined that Loos was ineligible to use these codes because his doctor allowed him to return to work without restriction. Thus, the use of computer codes is not relevant to any of the issues in the trial. The testimony of these witnesses – Jake Kluver, Gary Davis, Jeremy Brown, George Joyce, and Donald Mullins – will therefore be excluded as irrelevant.

**3.  FRSA Claim**

As stated in the Order on the Motion to Compel, evidence regarding Loos's FRSA claim is no longer in issue in this case. The Court will not grant a blanket exclusion of every piece of evidence that might have been relevant to the FRSA claim because the same evidence might also be relevant to Loos's FELA claim. However, the Court cautions counsel that this trial will not become a retrial of Loos's retaliation claims. The jury will determine BNSF's responsibility for Loos's knee injury and the damages that flow directly from that injury and nothing more.

**4.  Testimony from Corey Kluver**

Corey Kluver was injured at the rail yard three months after Loos's injury. BNSF points out that testimony with regard to an injury that occurs after the injury in question implicates the prohibition on subsequent remedial measures. Loos contends that Kluver's testimony is relevant to the condition of the rail yard, but the only such testimony that would be relevant is testimony regarding the yard's condition on the date of Loos's injury. If Mr. Kluver has knowledge of the condition on the day of the injury, his testimony is relevant and admissible. It is inadmissible to any other extent.

### 5. BNSF's Supervisor's Report

BNSF contends that the report Loos's supervisor prepared after Loos's injury is inadmissible hearsay because it was not based on the supervisor's direct knowledge, but rather was a mere report of Loos's statements regarding the accident. But BNSF has not provided an affidavit to that effect from the supervisor in question, and according to Loos, the supervisor will testify at trial. Loos must be given an opportunity to question the supervisor about the contents of the report and his knowledge of the incident. The motion is therefore denied.

### 6. Exclusive Remedy

BNSF seeks to preclude Loos from arguing to the jury that the FELA is his only avenue of recovery. Loos argues that because the FELA is his only avenue of recovery for on-the-job injuries as a railroad worker, he should be allowed to tell the jury that fact. For the reasons discussed in section A. above, the motion is granted.

### 7. Insurance

Reference to insurance is improper, as Loos recognizes. The motion is denied as moot.

### 8. Reference to BNSF's Ability to Pay

Loos will not reference BNSF's ability to pay any verdict in this case. References to BNSF's size may be relevant and thus the motion will be denied without prejudice to specific objection.

## 9. Medical Bills Already Paid

Loos does not intend to introduce any medical bills that BNSF paid. However, this motion also seeks to preclude him from presenting medical bills that he has not previously provided to BNSF. The Court will rely on counsel to resolve this issue before trial, but should there be any issue with this evidence, counsel may argue the admissibility of it during trial.

## 10. BNSF's Status as Out-of-State Corporation

Loos will not refer to BSNF as a foreign corporation. The motion is denied as moot.

## 11. Congressional Intent

There is no reason why Loos may not reference Congressional intent to the extent that it is relevant to his FELA claim. The motion is denied.

## 12. Source of Damage Payments

BNSF seeks to preclude Loos "from questioning the jurors and making arguments about the source of damage payments." BNSF's intention with this request is far from clear. As the Court stated at the final pretrial conference, the Court will conduct all voir dire, and thus there will be no opportunity for counsel to question the jury. Should BNSF believe that Loos's counsel is making an improper argument, it can object at that time. The motion is denied without prejudice.

## 13. Inflation

BNSF asks the Court to prevent Loos from referencing or arguing about inflation or the effect of inflation, citing a Supreme Court decision that ostensibly provides that

such references and argument are improper. (Def.'s Supp. Mem. (Docket No. 79) at 20.) But the decision, Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1983), nowhere states that presenting the jury with information or argument about inflation is per se improper. Rather, that case involved the correct method for computing inflation's effect on an award for loss of future earnings under federal maritime law, and while the Supreme Court disagreed with the trial court's computations, it did so only because the trial court erroneously assumed that it must follow state law on the issue. Id. at 552-53.

As Loos points out, inflation is a matter of common experience. Should counsel attempt to inject the subject improperly, BNSF can object at that time. The motion is denied without prejudice.

**14. Remaining Motions**

Loos does not intend to argue that any award he receives is not subject to federal taxation, or to make any argument to the jury regarding prejudgment interest, or to tell the jury to "send a message," or to reference media accounts unless those accounts are mentioned by the venire during voir dire. And, as Loos points out, BNSF's final motion, asking the Court to preclude Loos from presenting undisclosed liability theories to the jury, is unwarranted. The Court expects all counsel to act as officers of the Court and not attempt to present evidence that is improper under the Rules of Evidence. BNSF's remaining motions are denied as moot.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Loos's Motions in Limine (Docket No. 89) are **DENIED in part** and **GRANTED in part**; and

2. BNSF's Motions in Limine (Docket No. 81) are **DENIED in part** and **GRANTED in part.**

Dated: August 26, 2015　　　　　　　　　　*s/ Paul A. Magnuson*
　　　　　　　　　　　　　　　　　　　　　Paul A. Magnuson
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge