UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael D. Loos,	Case No. 13-cv-3373 (PAM/FLN)

        Plaintiff,

v.	**ORDER**

BNSF Railway Company,

        Defendant.

_____

This matter is before the Court on Defendant BNSF's "Supplemental" Motions in Limine.

**A.**    **Testimony of William Fry**

BNSF asks the Court to exclude the testimony of William Fry, who has never been disclosed as a witness for Loos (or for any other party). Loos's only response to the Motion is that Fry was a BNSF employee who worked in Willmar and thus BNSF should have known about him. But whether BNSF was aware of Fry's existence or even his potentially relevant testimony is not dispositive of BNSF's Motion on this point. Loos had a duty to disclose all witnesses with information regarding the issues in the case and Fry was never among the witnesses disclosed. This is not trial by ambush. BNSF's Motion on this point is granted.

**B.**    **Testimony of John Murphy and Michael Leonard**

BNSF also asks for the exclusion of two individuals whose testimony, according to BNSF, is relevant only for Loos's dismissed FRSA claim. Both of these individuals work for BNSF outside of Minnesota. According to Loos, Murphy's testimony is

relevant to attendance guideline issues. He does not specify the subject matter of Leonard's testimony, only that BNSF initially identified Leonard as a witness. Loos concedes that Leonard's testimony is "unlikely" to be necessary. (Pl.'s Opp'n (Docket No. 112) at 2.)

For the reasons discussed more thoroughly below with respect to the final supplemental Motion, the trial will not involve issues of Loos's attendance. Thus, the Motion is granted as to Murphy. However, there is no record before the Court regarding Leonard's potential testimony and given that he was initially disclosed by BNSF, the Court will not issue a blanket preclusion of his testimony. Whether his testimony is relevant and admissible is a matter for trial. The Motion is therefore granted in part and denied without prejudice in part.

**C.     Judicial Notice Instruction**

Finally, BNSF requests what it terms a "judicial notice" instruction regarding Loos's termination, instructing the jury that Loos was fired for his "overwhelming record of attendance violations" and BNSF's "consistent enforcement of tis [sic] attendance policy." (Def.'s Mot. (Docket No. 93) at 2.) This requested instruction goes far beyond the bounds of any conceivable "judicial notice."

As this Court has repeatedly emphasized, next week's trial concerns only Loos's injury, the cause(s) of that injury, and the damages that flow directly from the injury. The jury will be instructed that Loos was terminated for reasons unrelated to the injury and that they are not to consider his termination in any way in determining any of the issues in this case. The Court will not countenance either party allowing this case to

devolve into a trial regarding Loos's termination; that issue was decided by dispositive motions and will not be presented to the jury.

BNSF's Motion is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that BNSF's Supplemental Motions in Limine (Docket No. 93) are **GRANTED in part** and **DENIED in part** as fully set forth above.

Dated: September 3, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge