UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael D. Loos,  　　　　　　　　　　　　　　Case No. 13-cv-3373 (PAM/FLN)

　　　　　　　　Plaintiff,

v.  　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

BNSF Railway Company,

　　　　　　　　Defendant.
_____

　　　This matter is before the Court on Defendant BNSF Railway Company ("BNSF")'s Motion for Collateral Source Offsets. (Docket No. 130.) For the reasons that follow, BNSF's Motion is granted in part and denied in part.

　　　Plaintiff Michael Loos brought a FELA claim against BNSF, which proceeded to trial in September 2015. On September 15, 2015, the jury returned its verdict, finding in favor of Plaintiff and awarding (1) $85,000 for past pain, disability, and emotional distress, (2) $30,000 for past wage losses, and (3) $11,212.78 in past medical expenses. (Docket No. 126.) BNSF now moves for offsets on the damages award of $15,078.51. This figure includes (1) negotiated discounts provided by Plaintiff's health insurer of $4,911.51, (2) satisfaction of a $6,402.00 Railroad Retirement Board lien for Plaintiff's short-term sickness and unemployment benefits, and (3) satisfaction of BNSF's obligation to withhold and pay the Internal Revenue Service ("IRS") $3,765.00 for Plaintiff's share of Railroad Retirement Tax Act payroll taxes on his wage loss award. The parties agree that BNSF will be required to pay the Railroad Retirement Board

$6,402.00, and that this amount should be offset. The remaining dispute relates to medical expenses and railroad retirement taxes.

BNSF argues that under Minnesota's collateral source statute, Minn. Stat. § 548.251, Loos's medical expenses should be deducted from the jury's award. Loos contends that federal law controls all substantive matters in FELA cases, and the FELA provision addressing set-offs should be applied. That provision states:

> Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: *Provided,* That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought.

45 U.S.C. § 55.

Loos is right. In FELA cases, issues must be determined by federal and not state law. Dice v. Akron, C. & Y. R.R. Co., 342 U.S. 359, 361 (1952) ("[O]nly if federal law controls can the federal Act be given that uniform application throughout the country essential to effectuate its purposes."). BNSF cites Adams v. Toyota Motor Corp., No. 10-2802, 2015 WL 3742898, at *5 (D. Minn. June 15, 2015), to demonstrate that it is appropriate for federal courts to apply the state collateral source statute in a FELA case. But Adams was a design defect case based on diversity jurisdiction. Minnesota common law applied to the design-defect claim, so applying the state collateral source statute was warranted. Here, the FELA, a federal statute occupying the field of railroad employer

2

liability for employee injuries and providing for set-offs, explicitly underlies Loos's claim in federal court. The FELA's set off provision, 45 U.S.C. § 55 applies.

BNSF asserts that Loos's health insurer, Medica, paid his medical expenses at a discounted rate, totaling $4,911.51 in discounts. The FELA's set-off provision states that a common carrier may set off amounts it paid or contributed to insurance that were paid to the injured employee. BNSF has not paid Loos's medical bills. Therefore, under the FELA, it is not entitled to a set-off. 45 U.S.C. § 55; see also Clark v. Burlington N., Inc., 726 F.2d 448, 450 (8th Cir. 1984) ("Medical expenses paid for by insurance are exempt from setoff regardless of whether the employer paid one hundred percent of the insurance premiums."). The damages award will not be set off by the amount of Loos's medical expenses.

BNSF also argues that railroad retirement taxes should be set off against the damages award. The Railroad Retirement Act (RRA), 45 U.S.C. § 231 et seq., provides railroad employees with social security-type benefits. See Duckworth v. Allianz Life Ins. Co. of N. Am., 706 F.3d 1338, 1344 (11th Cir.2013) ("The provisions of the [RRA] are so closely analogous to those of the Social Security Act that regulations and cases interpreting the latter are applicable to the former."). The Railroad Retirement Tax Act (RRTA), 26 U.S.C. § 3201 et seq., is a subsection of the Internal Revenue Code that provides for taxing railroad employee compensation. 26 U.S.C. § 3201(a)-(b). This is executed through the use of a dual tax system "in which railroad employers must withhold their tax shares, as well as their employees' tax shares, and then provide both shares to the [IRS]." Cowden v. BNSF Ry. Co., No. 4:08-cv-01534, 2014 WL 3096867,

at *2 (E.D. Mo. July 7, 2014) (citing 26 U.S.C. § 3201(a)-(b)). Tier 1 taxes are imposed against railroad employees and employers, and are "analogous to taxes imposed on nonrailroad workers by the Federal Insurance Contributions Act (FICA)." Id. at *2. Tier 2 taxes are also imposed against both railroad employees and employers. Tier 2 benefits "are similar to those that workers would receive from a private multi-employer pension fund." Id. (citation omitted) (internal quotation marks omitted).

According to BNSF, because the statutes at issue treat time lost on account of personal injury as compensation, taxes must be collected on the $30,000 wage-loss portion of Loos's damages award. BNSF argues that $3,765.00 should therefore be set off against the damages award. This amount represents the amount of railroad retirement taxes that BNSF claims it must withhold from Loos's compensation to pay to the IRS. Loos contends that a FELA judgment is not taxable compensation, and that railroad retirement taxes should not be withheld from the damages award, citing Cowden, 2014 WL 3096867 (noting that although damages award under the FELA may be compensation, it is not taxable income under the Tax Code's personal injury exclusion, 26 U.S.C. § 104(a)(2)).

This Court agrees with Judge Webber's analysis in Cowden. There, the court pointed out that the RRA and the RRTA define compensation differently, and that the more relevant inquiry is whether damages on a FELA judgment qualify as "compensation" subject to withholding under the RRTA. Cowden, at *5. Under the RRTA, FELA judgments for lost pay fall within the definition of "compensation." Id. at *9. However, the Tax Code excludes "the amount of any damages (other than punitive

4

damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of physical injuries or physical sickness" from the definition of income. 28 U.S.C. § 104(a)(2). Further, "when an award is received for a personal injury in a tort or tort-type proceeding, the whole award is excludable from income under 26 U.S.C. § 104(a), even if included in the award is an amount for lost earnings." Cowden, at *11 (citation omitted) (internal quotation marks omitted). "Having conducted an extensive examination of relevant statutes, regulations, and cases," the Cowden court "simply [could not] conclude Congress intended to tax personal injury judgments under the RRTA," id. at *4, and neither can this Court.

Accordingly, **IT IS HEREBY ORDERED** that BNSF's Motion for Collateral Source Offsets (Docket No. 130) is **DENIED IN PART** and **GRANTED IN PART**. The damages award will be offset by $6,402.00 to satisfy the Railroad Retirement Board lien, but no offsets for medical expenses or railroad retirement taxes will be applied.

Dated:  December 15, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
